**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 98-41006**
**Summary Calendar**
_____

**MIDSTATES RESOURCES CORPORATION,**

**Plaintiff-Appellee,**

**versus**

**ROGER HOSS,**

**Defendant-Appellant.**

_____
**Appeal from the United States District Court**
**for the Southern District of Texas**
**(G-98-CV-15)**
_____

January 27, 1999

Before KING, Chief Judge, BARKSDALE and STEWART, Circuit Judges.[*]

PER CURIAM:

In this action for collection on a guaranty agreement, Roger Hoss appeals the summary judgment in favor of Midstates Resources Corporation. The sole issue concerns construction of a Texas statute, quoted _infra_.

Hoss owns all of the stock of Connie Corporation, and guaranteed a loan from Midstates' predecessor to Connie. The loan was secured by a deed of trust covering real estate owned by Connie.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

After the note matured and Connie defaulted, Midstates filed this action against Hoss for the unpaid balance of the note. Midstates had *not* foreclosed on the real property securing the debt.

The district court granted summary judgment for Midstates. In challenging that summary judgment, Hoss contends that he was entitled to an offset against the note for the fair market value of the real estate, pursuant to TEX. PROP. CODE ANN. § 51.005, which provides in pertinent part:

> (a)  This section applies if:
>
> (1)  the holder of a debt obtains a court judgment against a guarantor of the debt;
>
> (2)  real property subject to a deed of trust or other contract lien securing the guaranteed debt is *sold* at a foreclosure sale under Section 51.002 or under a court judgment foreclosing the lien and ordering the sale;
>
> (3)  the price at which the real property is sold is less than the unpaid balance of the indebtedness secured by the real property, resulting in a deficiency; and
>
> (4)  a motion or suit to determine the fair market value of the real property as of the date of the foreclosure sale has not been filed under Section 51.003 or 51.004.
>
> (b)  The guarantor may bring an action in the district court in the county in which the real property is located for a determination

> of the fair market value of the real property as of the date of the foreclosure sale....
>
> © If the finder of fact determines that the fair market value is greater than the sale price of the real property at the foreclosure sale, the persons obligated on the indebtedness, including guarantors, are entitled to an offset against the deficiency in the amount by which the fair market value, less the amount of any claim, indebtedness, or obligation of any kind that is secured by a lien or encumbrance on the real property that was not extinguished by the foreclosure, exceeds the sale price....

(Emphasis added.)

The district court held that Hoss was not entitled to an offset against the note for the fair market value of the real estate. It based this upon the fact that Midstates had *not* foreclosed on the real estate.

No authority need be cited for our standard of review for a summary judgment: we review it *de novo*, applying the same test as the district court. Such judgment is proper if, in the light of the summary judgment record, there is no material fact issue and the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56.

Pursuant to our *de novo* review of the record and our review of the briefs, we **AFFIRM**, essentially for the reasons stated by the district court. *Midstates Resources Corp. v. Hoss*, No. G-98-015 (S.D. Tex. June 26, 1998).

*AFFIRMED*